AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

13 CIV 8539

JUDGE BUCHWALD

Angel Guzman )
)
*Plaintiff* )
)
v. ) Civil Action No.
)
The City of New York, Police Officer Lance Saraceno )
(Tax 951212) and John Does 1-2, et al. )
)
*Defendant* )

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   The City of New York
c/o New York City Law Department
100 Church Street
New York, New York 10007

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Law Offices of Michael S. Lamonsoff, PLLC
80 Maiden Lane, 12th Floor
New York, New York 10038

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK
*CLERK OF COURT*

Date: DEC 0 2 2013

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

13 CIV 8539

| | | |
|---|---|---|
| Angel Guzman | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| The City of New York, Police Officer Lance Saraceno (Tax 951212) and John Does 1-2, et al. | ) | |
| *Defendant* | ) | |

JUDGE BUCHWALD

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Police Officer Lance Saraceno (Tax 951212)
c/o New York City Police Department-34th Precinct
4295 Broadway
New York, New York 10033

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Law Offices of Michael S. Lamonsoff, PLLC
80 Maiden Lane, 12th Floor
New York, New York 10038

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK
*CLERK OF COURT*

Date: DEC 0 2 2013

*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---

ANGEL GUZMAN,

                    Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER LANCE SARACENO (TAX 951212) Individually and in his Official Capacity, and POLICE OFFICERS "JOHN DOE" 1-3, Individually and in their Official Capacities, the name "JOHN DOE" being fictitious as the true names are not presently known,

                    Defendants.

---

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, ANGEL GUZMAN, by and through his attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for his Complaint, respectfully alleges, upon information and belief:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States of America.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

### VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, ANGEL GUZMAN, is, and has been, at all relevant times, a resident of the City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. At all times hereinafter mentioned, the individually named defendants, POLICE OFFICER LANCE SARACENO (TAX 951212) and POLICE OFFICERS "JOHN DOE" 1 through 3, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

13. On or about March 15, 2013, at approximately 10:00 p.m., plaintiff ANGEL

GUZMAN, was lawfully present on 177th Street, between Audubon Avenue and St. Nicholas, in New York County in the State of New York.

14. At that time and place, the individually named officers approached the plaintiff and immediately handcuffed his arms tightly behind his back.

15. The individually named defendants then conducted a search of the plaintiff uncovering no evidence of criminal or unlawful activity whatsoever.

16. At no time on March 15, 2013 did plaintiff commit any crime or violation of law.

17. At no time on March 15, 2013 did defendants possess probable cause to arrest plaintiff.

18. At no time on March 15, 2013 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

19. Defendants thereafter transported plaintiff to a nearby police precinct.

20. At the precinct, the defendants subjected plaintiff to an invasive strip search.

21. Said strip search did not reveal any evidence of criminal or unlawful activity whatsoever.

22. At no time did the defendants possess the particularized suspicion required to justify a strip search of the plaintiff.

23. In connection with plaintiff's arrest, the defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the New York County District Attorney's Office.

24. As a result of the defendants' conduct, the plaintiff was charged with Criminal Possession of a Controlled Substance.

25. Thereafter, defendants repeatedly gave false and misleading testimony regarding the facts and circumstances of plaintiff's arrest.

26. Specifically, defendants falsely, knowingly, and maliciously alleged that they observed the plaintiff to be in possession of an amount of a controlled substance.

27. As a direct result of his unlawful arrest and the unlawful acts of the defendants,

plaintiff spent approximately three days in custody.

28. Additionally, as a direct result of the defendants' unlawful actions, plaintiff spent approximately seven months making numerous court appearances.

29. Despite defendants' actions, all charges against plaintiff, ANGEL GUZMAN, were dismissed on October 17, 2013.

30. As a result of the foregoing, plaintiff ANGEL GUZMAN sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF FOR DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

31. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

32. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

33. All of the aforementioned acts deprived plaintiff, ANGEL GUZMAN, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. §1983.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

35. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

36. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

### SECOND CLAIM FOR RELIEF FOR
### FALSE ARREST UNDER 42 U.S.C. § 1983

37. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

38. As a result of the defendants' conduct, plaintiff was subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege, or consent.

39. As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

### THIRD CLAIM FOR RELIEF FOR
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

40. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

41. Defendants misrepresented and falsified evidence before the New York County District Attorney.

42. Defendants did not make a complete and full statement of facts to the District Attorney.

43. Defendants withheld exculpatory evidence from the District Attorney.

44. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff, ANGEL GUZMAN.

45. Defendants lacked probable cause to initiate criminal proceedings against plaintiff, ANGEL GUZMAN.

46. Defendants acted with malice in initiating criminal proceedings against plaintiff, ANGEL GUZMAN.

47. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff, ANGEL GUZMAN.

48. Defendants lacked probable cause to continue criminal proceedings against plaintiff, ANGEL GUZMAN.

49. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

50. Specifically, defendants falsely, maliciously, and knowingly alleged that plaintiff was in possession of a controlled substance on March 15, 2013.

51. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff's favor on or about when the charges against him were dismissed.

52. As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

### FOURTH CLAIM FOR RELIEF
### FOR UNLAWFUL SEARCH UNDER 42 U.S.C. § 1983

53. Plaintiff, ANGEL GUZMAN, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

54. Plaintiff was subjected to an unlawful and unreasonable strip search given the facts then and prevailing.

55. The defendants did not possess particularized suspicion to believe the plaintiff possessed any contraband or evidence of criminal activity under his clothes or on his person.

56. As a result of the foregoing, plaintiff, ANGEL GUZMAN, was subjected to an unreasonable and intrusive search in violation of his right to be free from unreasonable search, as secured by the Constitution of the United States.

### FIFTH CLAIM FOR RELIEF
### FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

57. Plaintiff, ANGEL GUZMAN, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

58. Defendants arrested and incarcerated plaintiff, ANGEL GUZMAN, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety, and violate his constitutional rights.

59. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

60. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

61. Those customs, policies, patterns, and practices include, but are not limited to:

   i. requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

   ii. requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

   iii. failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

   iv. failing to properly train police officers in the requirements of the United States Constitution.

62. The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

   i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

   ii. arresting individuals regardless of probable cause in order to affect precinct-wide statistics;

   iii. falsifying evidence and testimony to support those arrests;

   iv. falsifying evidence and testimony to cover up police misconduct.

63. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of plaintiff, ANGEL GUZMAN.

64. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

65. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

66. As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, plaintiff was incarcerated unlawfully.

67. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

68. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

69. All of the foregoing acts by defendants deprived plaintiff of federally protected constitutional rights, particularly his Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

i. an order awarding compensatory damages in an amount to be determined at trial;

ii. an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
       November 27, 2013

                      Respectfully submitted,

                      **LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
                      *Counsel for the Plaintiff*

By:    MATTHEW SHROYER (MS-6041)
        80 Maiden Lane, 12th Floor
        New York, New York 10038
        (212) 962-1020

Docket No.
UNITES STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANGEL GUZMAN,

                Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER LANCE SARACENO (TAX 951212), Individually and in his official capacity and police officer 'JOHN DOE" 1-2, et al.

                Defendants.

---

### SUMMONS AND COMPLAINT

---

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Attorneys for Plaintiff*
**80 Maiden Lane, 12th Floor
New York, New York 10038
(212) 962-1020**

---

TO:    The City of New York
        c/o New York City Law Dept
        100 Church Street
        New York, New York 10007

        Police Officer Lance Saraceno (Tax 951212)
        c/o New York City Police Department-34[th] Precinct
        4295 Broadway
        New York, New York 10033

Pursuant to 22NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of the State of New York, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

                                                          _____
                                                          Matthew Shroyer