UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ANGEL GUZMAN,

                                Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER LANCE
SARACENO (TAX 951212) Individually and in his
Official Capacity, and POLICE OFFICERS "JOHN DOE"
1-3, Individually and in their Official Capacities, the name
"JOHN DOE" being fictitious as the true names are not
presently known,

                                Defendants.

------------------------------------------------------------------------ x

**ANSWER TO COMPLAINT ON BEHALF OF CITY**

13 CV 8539 (NRB)

<u>Jury Trial Demanded</u>

        Defendant City of New York,[1] by its attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for its Answer to the Complaint, respectfully alleges, upon information and belief, as follows:

        1.     Denies the allegations set forth in paragraph "1" of the Complaint, except admits that plaintiff purports to bring this action as stated therein.

        2.     Denies the allegations set forth in paragraph "2" of the Complaint, except admits that plaintiff purports to bring this action as stated therein.

        3.     Denies the allegations set forth in paragraph "3" of the Complaint, except admits that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

        4.     Denies the allegations set forth in paragraph "4" of the Complaint, except admits that plaintiff purports to lay venue as stated therein.

---

[1] Upon information and belief, the individual identified in the caption as "Police Officer Lance Saraceno (Tax 951212)" has not been served with process and/or has not requested legal representation from the Office of the Corporation Counsel and, therefore, is not yet a party to this action

5. Paragraph "5" of the Complaint sets forth no averments of fact and therefore requires no response.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

7. Admits the allegations set forth in paragraph "7" of the Complaint.

8. Denies the allegations set forth in paragraph "8" of the Complaint, except admits that the City of New York is a municipality organized under the laws of the State of New York and that it maintains a police department.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint, except admits that Lance Saraceno was employed by the City of New York as a police officer and that plaintiff purports to proceed as stated therein.

10. Paragraph "10" of the Complaint sets forth legal conclusions rather than averments of fact and therefore requires no response.

11. Paragraph "11" of the Complaint sets forth legal conclusions rather than averments of fact and therefore requires no response.

12. Paragraph "12" of the Complaint sets forth legal conclusions rather than averments of fact and therefore requires no response.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14. Denies the allegations set forth in paragraph "14" of the Complaint.

15. Denies the allegations set forth in paragraph "15" of the Complaint.

16. Denies the allegations set forth in paragraph "16" of the Complaint.

17. Denies the allegations set forth in paragraph "17" of the Complaint.

18. Denies the allegations set forth in paragraph "18" of the Complaint.

19. Denies the allegations set forth in paragraph "19" of the Complaint, except admits that plaintiff was transported to the 33rd Precinct stationhouse.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint.

22. Denies the allegations set forth in paragraph "22" of the Complaint.

23. Denies the allegations set forth in paragraph "23" of the Complaint.

24. Denies the allegations set forth in paragraph "24" of the Complaint.

25. Denies the allegations set forth in paragraph "25" of the Complaint.

26. Denies the allegations set forth in paragraph "26" of the Complaint.

27. Denies the allegations set forth in paragraph "27" of the Complaint.

28. Denies the allegations set forth in paragraph "28" of the Complaint.

29. Denies the allegations set forth in paragraph "29" of the Complaint, except admits that plaintiff's criminal charges were dismissed on or about October 17, 2013.

30. Denies the allegations set forth in paragraph "30" of the Complaint.

31. In response to the allegations set forth in paragraph "31" of the Complaint, defendant repeats and realleges all of the responses contained within the preceding paragraphs of this answer, as if fully set forth herein.

32. Denies the allegations set forth in paragraph "32" of the Complaint.

33. Denies the allegations set forth in paragraph "33" of the Complaint.

34. Denies the allegations set forth in paragraph "34" of the Complaint.

35. Denies the allegations set forth in paragraph "35" of the Complaint.

36. Denies the allegations set forth in paragraph "36" of the Complaint.

37. In response to the allegations set forth in paragraph "37" of the Complaint, defendant repeats and realleges all of the responses contained within the preceding paragraphs of this answer, as if fully set forth herein.

38. Denies the allegations set forth in paragraph "38" of the Complaint.

39. Denies the allegations set forth in paragraph "39" of the Complaint.

40. In response to the allegations set forth in paragraph "40" of the Complaint, defendant repeats and realleges all of the responses contained within the preceding paragraphs of this answer, as if fully set forth herein.

41. Denies the allegations set forth in paragraph "41" of the Complaint.

42. Denies the allegations set forth in paragraph "42" of the Complaint.

43. Denies the allegations set forth in paragraph "43" of the Complaint.

44. Denies the allegations set forth in paragraph "44" of the Complaint.

45. Denies the allegations set forth in paragraph "45" of the Complaint.

46. Denies the allegations set forth in paragraph "46" of the Complaint.

47. Denies the allegations set forth in paragraph "47" of the Complaint.

48. Denies the allegations set forth in paragraph "48" of the Complaint.

49. Denies the allegations set forth in paragraph "49" of the Complaint.

50. Denies the allegations set forth in paragraph "50" of the Complaint.

51. Denies the allegations set forth in paragraph "51" of the Complaint, except admits that plaintiff's criminal charges were dismissed on or about October 17, 2013.

52. Denies the allegations set forth in paragraph "52" of the Complaint.

53. In response to the allegations set forth in paragraph "53" of the Complaint, defendant repeats and realleges all of the responses contained within the preceding paragraphs of this answer, as if fully set forth herein.

54. Denies the allegations set forth in paragraph "54" of the Complaint.

55. Denies the allegations set forth in paragraph "55" of the Complaint.

56. Denies the allegations set forth in paragraph "56" of the Complaint.

57. In response to the allegations set forth in paragraph "57" of the Complaint, defendant repeats and realleges all of the responses contained within the preceding paragraphs of this answer, as if fully set forth herein.

58. Denies the allegations set forth in paragraph "58" of the Complaint.

59. Denies the allegations set forth in paragraph "59" of the Complaint.

60. Denies the allegations set forth in paragraph "60" of the Complaint.

61. Denies the allegations set forth in paragraph "61" of the Complaint, including its subparts.

62. Denies the allegations set forth in paragraph "62" of the Complaint, including its subparts.

63. Denies the allegations set forth in paragraph "63" of the Complaint.

64. Denies the allegations set forth in paragraph "64" of the Complaint.

65. Denies the allegations set forth in paragraph "65" of the Complaint.

66. Denies the allegations set forth in paragraph "66" of the Complaint.

67. Denies the allegations set forth in paragraph "67" of the Complaint.

68. Denies the allegations set forth in paragraph "68" of the Complaint.

69. Denies the allegations set forth in paragraph "69" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

70. The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

71. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

72. At all times relevant to the acts alleged in the Complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City has governmental immunity from liability.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

73. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of others and was not the proximate result of any act of the defendant.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

74. Plaintiff cannot obtain punitive damages against the City of New York.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

75. Plaintiff provoked any incident that occurred.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

76. Plaintiff's claims may be barred, in whole or in part, because plaintiff failed to comply with all conditions precedent to suit.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

77. Plaintiff's claims may be barred, in part, by the applicable statute of limitations.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

78. There was reasonable suspicion and/or probable cause for any searches.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

79. There was probable cause for plaintiff's arrest and/or detention and/or prosecution.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

80. Plaintiff failed to mitigate damages.

**WHEREFORE,** defendant City of New York requests judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
February 20, 2014

                           ZACHARY W. CARTER
                           Corporation Counsel of the
                             City of New York
                           *Attorney for Defendant City*
                           100 Church Street
                           New York, New York 10007
                           (212) 227-0414

                    By:       /S_____
                             Karl J. Ashanti, Esq.

(By ECF & Mail)

TO:   THE LAW OFFICES OF MICHAEL S.
       LAMONSOFF, PLLC
       Matthew Shroyer, Esq.
       *Attorneys for the Plaintiff*
       80 Maiden Lane, 12th Floor
       New York, New York 10038
       (212) 962-1020

## DECLARATION OF SERVICE BY ECF AND FIRST-CLASS MAIL

I, **Karl J. Ashanti**, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that on **February 20, 2014**, I served the annexed **Answer to Complaint on behalf of City** by ECF and by depositing a copy of the same, enclosed in a first-class postpaid properly addressed wrapper, in a post office official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, upon the following:

THE LAW OFFICES OF MICHAEL S.
LAMONSOFF, PLLC
Matthew Shroyer, Esq.
80 Maiden Lane, 12th Floor
New York, New York 10038

Dated: New York, New York
       February 20, 2014

                                                                     /S_____
                                                    Karl J. Ashanti, Esq.

Index No. 13 CV 8539 (NRB)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGEL GUZMAN,

Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER LANCE SARACENO (TAX 951212) Individually and in his Official Capacity, and POLICE OFFICERS "JOHN DOE" 1-3, Individually and in their Official Capacities, the name "JOHN DOE" being fictitious as the true names are not presently known,

Defendants.

## ANSWER TO COMPLAINT ON BEHALF OF CITY

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Karl J. Ashanti, Esq.*
*Tel: (212) 356-2371*
*NYCLIS No. 2013-055263*

*Due and timely service is hereby admitted.*

*New York, N.Y. ............................................, 2014......*

*......................................................................... Esq.*

*Attorney for .........................................................................*